UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILILANI GROUP, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>O'REILLY AUTOMOTIVE, INC., and CSK AUTO, INC.<br><br>    Defendants. | No. 2:12-cv-00891 JAM-CKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

This matter is before the Court on Defendants O'Reilly Automotive, Inc. ("O'Reilly"), and CSK Auto, Inc.'s ("CSK") (collectively "Defendants") Motion to Dismiss (Doc. #12). Plaintiff Mililani Group, Inc. ("Plaintiff") opposes the motion (Doc. #13).[1] For the following reasons, Defendants' motion is granted.

///
///
///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 7, 2012.

1

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff filed its First Amended Complaint ("FAC"), the operative complaint in this case, on May 21, 2012 (Doc. #7). Plaintiff alleges two causes of action against Defendants, the first for breach of contract and the second for waste.

On or about August 29, 1988, CSK entered into a written lease agreement for warehouse and office space in Dixon, California (the "Property"). CSK vacated the Property on April 30, 2011. Plaintiff alleges that CSK breached the lease by failing to maintain insurance, maintain the Property, and return the Property to the condition required by the lease. Plaintiff further alleges that CSK's failure to maintain and repair the Property constitutes waste.

Moreover, Plaintiff alleges that CSK merged with O'Reilly on July 11, 2008, and that since the merger the day-to-day decisions regarding the Property were made by O'Reilly.

## II. OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the

2

1  assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678
2  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
3  (2007)).  To survive a motion to dismiss, a plaintiff needs to
4  plead "enough facts to state a claim to relief that is plausible
5  on its face."  Twombly, 550 U.S. at 570.  Dismissal is
6  appropriate where the plaintiff fails to state a claim
7  supportable by a cognizable legal theory.  Balistreri v.
8  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).
9       Upon granting a motion to dismiss for failure to state a
10 claim, the court has discretion to allow leave to amend the
11 complaint pursuant to Federal Rule of Civil Procedure 15(a).
12 "Dismissal with prejudice and without leave to amend is not
13 appropriate unless it is clear . . . that the complaint could
14 not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,
15 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).
16      B.   Judicial Notice
17      Defendants request judicial notice of three documents:
18 (1) a printout from the Arizona Corporation Commission website
19 stating that CSK is an Arizona Corporation in good standing;
20 (2) a printout from the Missouri Secretary of State website
21 stating that O'Reilly is a Missouri Corporation in good
22 standing; and (3) portions of the Securities and Exchange
23 Commission, Form 10-K, filed by O'Reilly in 2011.  Request for
24 Judicial Notice attached to Defendants' Motion to Dismiss, Doc.
25 #12, at 1-2.  Public records, including public records
26 downloaded from a public agency's official website, are subject
27 to judicial notice.  Coal. for a Sustainable Delta v. Fed.
28 Emergency Mgmt. Agency, 812 F. Supp. 2d 1089, 1093 (E.D. Cal.

2011).  However, public records are subject to judicial notice only "to prove their existence and content, but not for the truth of the matters asserted therein."  Id. (quoting Coalition for a Sustainable Delta v. McCamman, 725 F. Supp. 2d 1162, 1183–84 (E.D. Cal. 2010)).  Therefore, the Court grants judicial notice of the three documents limited to their existence and content.

### C. Discussion

#### 1. Alter Ego Liability

Defendants move to dismiss all claims against O'Reilly, contending that Plaintiff has failed to allege sufficient facts to establish alter ego liability.  Plaintiff argues that it is not required to allege its claims in detail under the Federal Rules of Civil Procedure.

The parties agree that because O'Reilly did not sign the lease or occupy the property, Plaintiff can only sustain a claim against O'Reilly through alter ego liability.  Federal courts apply the law of the forum state in determining whether to pierce the corporate veil.  SEC v. Hickey, 322 F.3d 1123, 1128 (9th Cir. 2003) (citations omitted).  Under California law, the corporate veil may be pierced when the corporation is the alter ego of a controlling shareholder.  Sonora Diamond Corp. v. Superior Court, 83 Cal.App.4th 523 (2000).  Alter ego liability requires (1) "a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist" and (2) "an inequitable result if the acts in question are treated as those of the corporation alone."  Id. at 538.  To pursue this

theory of liability, a plaintiff must allege the elements of the doctrine and conclusory allegations are insufficient. Hokama v. E.F. Hutton & Co., Inc., 566 F.Supp.636, 647 (C.D. Cal. 1983).

### a. Unity of Interest

For the unity of interest element, courts consider several factors, including

> inadequate capitalization, commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, use of one as a mere conduit for the affairs of the other, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers.

Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc., 99 Cal.App.4th 228, 245 (2002). Here, Plaintiff has alleged several of these factors, but it fails to provide sufficient facts to support its allegations. For example, Plaintiff generally alleges that since CSK and O'Reilly merged, "CSK has operated at the will and whim of O'Reilly, it has no separate corporate office, it has no management employees, day to day decisions regarding the Premises, described below were made by O'Reilly employees." FAC ¶ 7. Plaintiff also alleges that O'Reilly carried out business in CSK's name to such an extent that any individuality or separateness of CSK and O'Reilly no longer exists. Id. ¶ 8. These general allegations are too broad and insufficient to show a unity of interest and ownership. See Wehlage v. EmpRes Healthcare, Inc., 791 F.Supp.2d 774, 782-83 (N.D. Cal. 2011) (dismissing claims based on alter ego liability because the broad allegations were "not sufficient to show a unity of interest and ownership").

5

1    Defendants argue that the claims against O'Reilly fail
2 substantively because O'Reilly is "three steps removed" from CSK
3 in the corporate structure and O'Reilly is not CSK's parent
4 company according to the judicially noticed documents.  However,
5 Defendants' argument does not eliminate all potential alter ego
6 liability.  Even though O'Reilly may not be CSK's parent
7 company, in California, the alter ego doctrine may apply between
8 a parent and a subsidiary or, under the single enterprise rule,
9 between sister and affiliated companies.  Id. at 783.  Here, the
10 companies are affiliated and therefore, alter ego liability
11 under these circumstances is still possible if properly alleged.

   b. Inequitable result

13    With respect to the inequitable result element of
14 Plaintiff's alter ego theory, Plaintiff must allege bad faith
15 conduct by Defendants.  Mid-Century Ins. Co. v. Gardner, 9
16 Cal.App.4th 1205, 1213 (1992).  Moreover, "it is not sufficient
17 to merely show that a creditor will remain unsatisfied if the
18 corporate veil is not pierced."  Associated Vendors, Inc. v.
19 Oakland Meat Co., 210 Cal.App.2d 825, 842 (1962).  Here,
20 Plaintiff has not alleged any wrongdoing by either O'Reilly or
21 CSK that may amount to bad faith.  Without allegations of bad
22 faith, the alter ego doctrine cannot be invoked.
23    Accordingly, the Court finds that Plaintiff has not alleged
24 either element of alter ego liability and therefore, all claims
25 against O'Reilly must be dismissed.  The Court grants leave to
26 amend, however, because Plaintiff may be able to allege the unity
27 of interest element in greater detail and allege sufficient facts
28 to establish bad faith conduct by the Defendants.

### 2. Waste Claim

Defendants also contend that the waste claim should be dismissed independently because Plaintiff has failed to plead facts to establish a permanent or substantial depreciation in the Property's market value. Plaintiff argues that it does not have to allege permanent damage to the Property because in federal court, only a plain and simple statement of the claim is required.

Waste is defined as an unlawful act or omission of duty on the part of a tenant, resulting in permanent injury to the property. Old Republic Ins. Co. v. Superior Court, 66 Cal.App.4th 128, 149 (1998) disapproved on other grounds by Vandenberg v. Superior Court, 21 Cal.4th 815, 982 P.2d 229 (1999) (citation omitted). To constitute waste, the market value of real property has to be permanently diminished. Smith v. Cap Concrete, Inc., 133 Cal.App.3d 769, 775 (1982). However, "waste does not embrace a breach of covenant to repair, whether the damage is caused by ordinary wear and tear or an act of God." Krone v. Goff, 53 Cal.App.3d 191, 195 (1975).

Here, Plaintiff has alleged that Defendants failed to maintain and repair the Property and that it has expended, at least, one million dollars to repair and return the Property to its original condition. Plaintiff, however, does not allege that the Property has been permanently damaged or that the market value of the Property has been permanently diminished, which is required to establish a claim even in federal court.

See <u>In re Am. Principals Holdings, Inc. Sec. Litig.</u>, No. 653, 1987 WL 39746, at *15 (S.D. Cal. July 9, 1987) (dismissing plaintiff's waste claim because the plaintiff failed to allege permanent damage to the property).

Because this claim may be saved by further amendment, the Court grants Defendants' motion to dismiss but with leave to amend.

### III. ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff's Amended Complaint must be filed within twenty (20) days from the date of this Order. If Plaintiff elects not to file an Amended Complaint, the case will proceed on the First Amended Complaint on only the breach of contract claim against CSK. Defendants must file their response to Plaintiff's Amended Complaint within twenty (20) days from the date any Amended Complaint is filed.

IT IS SO ORDERED.

Dated: November 26, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE