1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MILILANI GROUP, INC.,              No.  2:12-cv-00891 JAM-CKD

12              Plaintiff,

13       v.                             **ORDER GRANTING DEFENDANTS'**
                                        **MOTION TO DISMISS**
14   O'REILLY AUTOMOTIVE, INC.,
     and CSK AUTO, INC.
15
                Defendants.
16

17       This matter is before the Court on Defendants O'Reilly

18   Automotive, Inc. ("O'Reilly"), and CSK Auto, Inc.'s ("CSK")

19   (collectively "Defendants") Motion to Dismiss Plaintiff's Second

20   Amended Complaint ("SAC") (Doc. #20).  Plaintiff Mililani Group,

21   Inc. ("Plaintiff") opposes the motion (Doc. #26) and Defendants

22   replied (Doc. #28).[1]  For the following reasons, Defendants'

23   motion is GRANTED.

24

25

26

_____

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for March 6, 2012.

                                    1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendants previously moved to dismiss all claims against O'Reilly and the waste claim; that motion was granted with leave to amend (Doc. #16). On December 18, 2012, Plaintiff filed its SAC (Doc. #17). In the SAC, Plaintiff alleges two causes of action against Defendants, the first for breach of contract and the second for waste. SAC ¶¶ 12-27. Defendants once more moved to dismiss all claims against O'Reilly and the waste claim (Doc. #20).[2] Good cause having been shown, the Court granted Plaintiff leave to file a late opposition and gave Defendants a week to reply (Doc. #27).

On or about August 29, 1988, CSK entered into a written lease agreement for warehouse and office space in Dixon, California (the "Property"). SAC ¶ 13. CSK vacated the Property on April 30, 2011. Id. ¶ 16. Plaintiff alleges that CSK breached the lease by failing to maintain insurance, maintain the Property, and return the Property to the condition required by the lease and its failure resulted in permanent diminution in value of the Property. Id. ¶ 25.

In addition, Plaintiff alleges that CSK merged with O'Reilly on July 11, 2008, and that since the merger, the day-to-day decisions regarding the Property were made by O'Reilly. Plaintiff further alleges that O'Reilly imposed unrealistic budgeting and financial goals on CSK that prevented CSK from carrying out the terms of the contracts to which it was

---

[2] Defendants also request judicial notice of several documents. Doc. #20. However, the Court finds these documents unnecessary for the determination of this motion and therefore, Defendants' request for judicial notice is denied.

1   obligated.  Id. ¶¶ 6-8.  Moreover, Plaintiff's management was

2   allegedly informed that CSK managers had no control over spending

3   decisions and budgets and that such decisions must be made by

4   O'Reilly.  Id.

5

6                          II. OPINION

7        A.   Legal Standard

8        A party may move to dismiss an action for failure to state

9   a claim upon which relief can be granted pursuant to Federal

10  Rule of Civil Procedure 12(b)(6).  In considering a motion to

11  dismiss, the court must accept the allegations in the complaint

12  as true and draw all reasonable inferences in favor of the

13  plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

14  overruled on other grounds by Davis v. Scherer, 468 U.S. 183

15  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

16  are mere "legal conclusions," however, are not entitled to the

17  assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678

18  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

19  (2007)).  To survive a motion to dismiss, a plaintiff needs to

20  plead "enough facts to state a claim to relief that is plausible

21  on its face."  Twombly, 550 U.S. at 570.  Dismissal is

22  appropriate where the plaintiff fails to state a claim

23  supportable by a cognizable legal theory.  Balistreri v.

24  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

25       Upon granting a motion to dismiss for failure to state a

26  claim, the court has discretion to allow leave to amend the

27  complaint pursuant to Federal Rule of Civil Procedure 15(a).

28  "Dismissal with prejudice and without leave to amend is not

                              3

1    appropriate unless it is clear . . . that the complaint could

2    not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon,

3    Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

4         B.    Discussion

5              1.    Alter Ego Liability

6         Defendants move to dismiss all claims against O'Reilly,

7    contending that Plaintiff has failed to allege sufficient facts

8    to establish alter ego liability.  Plaintiff once again argues

9    that it is not required to allege its claims in detail under the

10   Federal Rules of Civil Procedure.  Opp. at 2.

11        Federal courts apply the law of the forum state in

12   determining whether to pierce the corporate veil.  SEC v. Hickey,

13   322 F.3d 1123, 1128 (9th Cir. 2003) (citations omitted).  Under

14   California law, the corporate veil may be pierced when the

15   corporation is the alter ego of a controlling shareholder.

16   Sonora Diamond Corp. v. Superior Court, 83 Cal.App.4th 523, 537-

17   38 (2000).  Alter ego liability requires (1) "a unity of interest

18   and ownership between the corporation and its equitable owner

19   that the separate personalities of the corporation and the

20   shareholder do not in reality exist" and (2) "an inequitable

21   result if the acts in question are treated as those of the

22   corporation alone." Id. at 538.

23        As discussed in the Court's previous Order, to pursue this

24   theory of liability, a plaintiff must allege the elements of the

25   doctrine and conclusory allegations are insufficient.  Hokama v.

26   E.F. Hutton & Co., Inc., 566 F. Supp. 636, 647 (C.D. Cal. 1983).

27   As to the first prong, Plaintiff provides general allegations

28   that O'Reilly makes decisions for CSK through budgeting and

                                    4

management.  However, these allegations are still too vague and

do not include facts to show a unity of interest and ownership.

See Wehlage v. EmpRes Healthcare, Inc., 791 F. Supp. 2d 774, 782-

83 (N.D. Cal. 2011) (holding that broad allegations are not

sufficient to show a unity of interest and ownership).  As to the

second prong, Plaintiff alleges, "Defendant O'Reilly acted in bad

faith in that its refusal to permit CSK to perform the lease

obligations constituted bad faith."  SAC ¶ 9.  This allegation is

not only conclusory because Plaintiff provides no facts to show

conduct amounting to bad faith, but also circular in logic

because it assumes what Plaintiff is trying to prove.  Therefore,

Plaintiff has not satisfied the second prong.

Accordingly, the Court finds that Plaintiff has not alleged

either element of alter ego liability and therefore, all claims

against O'Reilly must be dismissed.  Because Plaintiff has twice

failed to state alter ego liability against O'Reilly, the Court

does not grant leave to amend.

2.  Waste Claim

Defendants also contend that the waste claim should be

dismissed because Plaintiff has failed to plead facts to show a

permanent depreciation in the Property's market value.

Plaintiff rejoins that deliberately allowing the landscaping to

die and the support columns to deteriorate is permanent damage

to the building.  Opp. at 3.

Waste is defined as an unlawful act or omission of duty on

the part of a tenant, resulting in permanent injury to the

property.  Old Republic Ins. Co. v. Superior Court, 66

Cal.App.4th 128, 149 (1998) disapproved on other grounds by

1  Vandenberg v. Superior Court, 21 Cal.4th 815, 982 P.2d 229 (1999)

2  (citation omitted).  To constitute waste, the market value of

3  real property has to be permanently diminished.  Smith v. Cap

4  Concrete, Inc., 133 Cal.App.3d 769, 775 (1982).  Proof of

5  "conduct which has resulted in substantial depreciation of the

6  market value of the land" establishes waste.  Id.; see also

7  Avalon Pac.-Santa Ana, L.P. v. HD Supply Repair & Remodel, LLC,

8  192 Cal.App.4th 1183, 1215 (2011)(holding that "waste occurs when

9  damage is sufficiently substantial and permanent to cause an

10 injury to the reversion interest").

11      The Court previously held that Plaintiff could maintain this

12 cause of action only if Plaintiff properly alleged permanent

13 damage.  Order at 7.  Plaintiff argues that Defendants allowed

14 the landscaping to die and the support columns to deteriorate

15 placing the building in danger of falling, but those allegations

16 are not found in the SAC and Plaintiff provides no facts that

17 would allow Defendants or the Court to determine whether the

18 Property's diminution in market value was permanent.  Plaintiff

19 only alleges that Defendants failure to maintain or repair the

20 Property "resulted in the permanent diminution in value of the

21 Premises beyond ordinary wear and tear."  SAC ¶ 25.  However,

22 this bare assertion of a legal conclusion is insufficient to

23 establish that the Property value was permanently diminished.

24 Moreover, Plaintiff fails to allege that Defendants' conduct

25 resulted in substantial damage.  See Avalon Pac.-Santa Ana, L.P.,

26 192 Cal.App.4th at 1215 (requiring permanent and substantial

27 damage for a waste claim).

28      Accordingly, because Plaintiff has failed to allege

1   sufficient facts for a waste claim, the Court dismisses

2   Plaintiff's second cause of action.  Plaintiff gives no

3   indication of what more it could plead to state a claim,

4   signaling that indeed there are no additional facts Plaintiff

5   could include in the complaint were it granted leave to amend.

6   Therefore, the Court dismisses this claim without leave to

7   amend.

8

9                            III. ORDER

10       For the reasons set forth above, Defendants' Motion to

11  Dismiss is GRANTED WITH PREJUDICE.  The case will proceed on the

12  Second Amended Complaint on only the breach of contract claim

13  against CSK. Further, Defendants' Motion to Strike Plaintiff's

14  Second Amended Complaint (Doc. #18) is denied as moot.

15       IT IS SO ORDERED.

16  Dated: April 3, 2013

17                          _____
                            JOHN A. MENDEZ,

18                          UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

                                7