UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILILANI GROUP, INC., | No.  2:12-cv-00891 JAM-CKD |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| O'REILLY AUTOMOTIVE, INC., and CSK AUTO, INC. | |
| Defendants. | |

This matter is before the Court on Defendants O'Reilly Automotive, Inc. ("O'Reilly"), and CSK Auto, Inc.'s ("CSK") (collectively "Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") (Doc. #20).  Plaintiff Mililani Group, Inc. ("Plaintiff") opposes the motion (Doc. #26) and Defendants replied (Doc. #28).[1]  For the following reasons, Defendants' motion is GRANTED.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 6, 2012.

1

1          I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2          Defendants previously moved to dismiss all claims against

3   O'Reilly and the waste claim; that motion was granted with leave

4   to amend (Doc. #16).  On December 18, 2012, Plaintiff filed its

5   SAC (Doc. #17).  In the SAC, Plaintiff alleges two causes of

6   action against Defendants, the first for breach of contract and

7   the second for waste.  SAC ¶¶ 12-27.  Defendants once more moved

8   to dismiss all claims against O'Reilly and the waste claim (Doc.

9   #20).[2]  Good cause having been shown, the Court granted Plaintiff

10  leave to file a late opposition and gave Defendants a week to

11  reply (Doc. #27).

12         On or about August 29, 1988, CSK entered into a written

13  lease agreement for warehouse and office space in Dixon,

14  California (the "Property").  SAC ¶ 13.  CSK vacated the Property

15  on April 30, 2011.  Id. ¶ 16.  Plaintiff alleges that CSK

16  breached the lease by failing to maintain insurance, maintain the

17  Property, and return the Property to the condition required by

18  the lease and its failure resulted in permanent diminution in

19  value of the Property.  Id. ¶ 25.

20         In addition, Plaintiff alleges that CSK merged with O'Reilly

21  on July 11, 2008, and that since the merger, the day-to-day

22  decisions regarding the Property were made by O'Reilly.

23  Plaintiff further alleges that O'Reilly imposed unrealistic

24  budgeting and financial goals on CSK that prevented CSK from

25  carrying out the terms of the contracts to which it was

26  
27  [2] Defendants also request judicial notice of several documents.
    Doc. #20.  However, the Court finds these documents unnecessary
    for the determination of this motion and therefore, Defendants'
28  request for judicial notice is denied.

1  obligated.  Id. ¶¶ 6-8.  Moreover, Plaintiff's management was

2  allegedly informed that CSK managers had no control over spending

3  decisions and budgets and that such decisions must be made by

4  O'Reilly.  Id.

5

6                           II. OPINION

7       A.   Legal Standard

8       A party may move to dismiss an action for failure to state

9  a claim upon which relief can be granted pursuant to Federal

10 Rule of Civil Procedure 12(b)(6).  In considering a motion to

11 dismiss, the court must accept the allegations in the complaint

12 as true and draw all reasonable inferences in favor of the

13 plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

14 overruled on other grounds by Davis v. Scherer, 468 U.S. 183

15 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

16 are mere "legal conclusions," however, are not entitled to the

17 assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678

18 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

19 (2007)).  To survive a motion to dismiss, a plaintiff needs to

20 plead "enough facts to state a claim to relief that is plausible

21 on its face."  Twombly, 550 U.S. at 570.  Dismissal is

22 appropriate where the plaintiff fails to state a claim

23 supportable by a cognizable legal theory.  Balistreri v.

24 Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

25      Upon granting a motion to dismiss for failure to state a

26 claim, the court has discretion to allow leave to amend the

27 complaint pursuant to Federal Rule of Civil Procedure 15(a).

28 "Dismissal with prejudice and without leave to amend is not

                                3

1   appropriate unless it is clear . . . that the complaint could

2   not be saved by amendment." <u>Eminence Capital, L.L.C. v. Aspeon,</u>

3   <u>Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

4        B.   <u>Discussion</u>

5             1.   <u>Alter Ego Liability</u>

6        Defendants move to dismiss all claims against O'Reilly,

7   contending that Plaintiff has failed to allege sufficient facts

8   to establish alter ego liability.  Plaintiff once again argues

9   that it is not required to allege its claims in detail under the

10  Federal Rules of Civil Procedure.  Opp. at 2.

11       Federal courts apply the law of the forum state in

12  determining whether to pierce the corporate veil.  <u>SEC v. Hickey</u>,

13  322 F.3d 1123, 1128 (9th Cir. 2003) (citations omitted).  Under

14  California law, the corporate veil may be pierced when the

15  corporation is the alter ego of a controlling shareholder.

16  <u>Sonora Diamond Corp. v. Superior Court</u>, 83 Cal.App.4th 523, 537-

17  38 (2000).  Alter ego liability requires (1) "a unity of interest

18  and ownership between the corporation and its equitable owner

19  that the separate personalities of the corporation and the

20  shareholder do not in reality exist" and (2) "an inequitable

21  result if the acts in question are treated as those of the

22  corporation alone."  <u>Id.</u> at 538.

23       As discussed in the Court's previous Order, to pursue this

24  theory of liability, a plaintiff must allege the elements of the

25  doctrine and conclusory allegations are insufficient.  <u>Hokama v.</u>

26  <u>E.F. Hutton & Co., Inc.</u>, 566 F. Supp. 636, 647 (C.D. Cal. 1983).

27  As to the first prong, Plaintiff provides general allegations

28  that O'Reilly makes decisions for CSK through budgeting and

4

1    management.  However, these allegations are still too vague and

2    do not include facts to show a unity of interest and ownership.

3    See Wehlage v. EmpRes Healthcare, Inc., 791 F. Supp. 2d 774, 782-

4    83 (N.D. Cal. 2011) (holding that broad allegations are not

5    sufficient to show a unity of interest and ownership).  As to the

6    second prong, Plaintiff alleges, "Defendant O'Reilly acted in bad

7    faith in that its refusal to permit CSK to perform the lease

8    obligations constituted bad faith."  SAC ¶ 9.  This allegation is

9    not only conclusory because Plaintiff provides no facts to show

10   conduct amounting to bad faith, but also circular in logic

11   because it assumes what Plaintiff is trying to prove.  Therefore,

12   Plaintiff has not satisfied the second prong.

13        Accordingly, the Court finds that Plaintiff has not alleged

14   either element of alter ego liability and therefore, all claims

15   against O'Reilly must be dismissed.  Because Plaintiff has twice

16   failed to state alter ego liability against O'Reilly, the Court

17   does not grant leave to amend.

18             2.   Waste Claim

19        Defendants also contend that the waste claim should be

20   dismissed because Plaintiff has failed to plead facts to show a

21   permanent depreciation in the Property's market value.

22   Plaintiff rejoins that deliberately allowing the landscaping to

23   die and the support columns to deteriorate is permanent damage

24   to the building.  Opp. at 3.

25        Waste is defined as an unlawful act or omission of duty on

26   the part of a tenant, resulting in permanent injury to the

27   property.  Old Republic Ins. Co. v. Superior Court, 66

28   Cal.App.4th 128, 149 (1998) disapproved on other grounds by

1    Vandenberg v. Superior Court, 21 Cal.4th 815, 982 P.2d 229 (1999)

2    (citation omitted).  To constitute waste, the market value of

3    real property has to be permanently diminished.  Smith v. Cap

4    Concrete, Inc., 133 Cal.App.3d 769, 775 (1982).  Proof of

5    "conduct which has resulted in substantial depreciation of the

6    market value of the land" establishes waste.  Id.; see also

7    Avalon Pac.-Santa Ana, L.P. v. HD Supply Repair & Remodel, LLC,

8    192 Cal.App.4th 1183, 1215 (2011)(holding that "waste occurs when

9    damage is sufficiently substantial and permanent to cause an

10   injury to the reversion interest").

11         The Court previously held that Plaintiff could maintain this

12   cause of action only if Plaintiff properly alleged permanent

13   damage.  Order at 7.  Plaintiff argues that Defendants allowed

14   the landscaping to die and the support columns to deteriorate

15   placing the building in danger of falling, but those allegations

16   are not found in the SAC and Plaintiff provides no facts that

17   would allow Defendants or the Court to determine whether the

18   Property's diminution in market value was permanent.  Plaintiff

19   only alleges that Defendants failure to maintain or repair the

20   Property "resulted in the permanent diminution in value of the

21   Premises beyond ordinary wear and tear."  SAC ¶ 25.  However,

22   this bare assertion of a legal conclusion is insufficient to

23   establish that the Property value was permanently diminished.

24   Moreover, Plaintiff fails to allege that Defendants' conduct

25   resulted in substantial damage.  See Avalon Pac.-Santa Ana, L.P.,

26   192 Cal.App.4th at 1215 (requiring permanent and substantial

27   damage for a waste claim).

28         Accordingly, because Plaintiff has failed to allege

                                    6

1  sufficient facts for a waste claim, the Court dismisses

2  Plaintiff's second cause of action.  Plaintiff gives no

3  indication of what more it could plead to state a claim,

4  signaling that indeed there are no additional facts Plaintiff

5  could include in the complaint were it granted leave to amend.

6  Therefore, the Court dismisses this claim without leave to

7  amend.

8

9                          III. ORDER

10      For the reasons set forth above, Defendants' Motion to

11 Dismiss is GRANTED WITH PREJUDICE.  The case will proceed on the

12 Second Amended Complaint on only the breach of contract claim

13 against CSK. Further, Defendants' Motion to Strike Plaintiff's

14 Second Amended Complaint (Doc. #18) is denied as moot.

15      IT IS SO ORDERED.

16 Dated: April 3, 2013

17                          _____
                            JOHN A. MENDEZ,

18                          UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

                              7