UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILILANI GROUP, INC., | Case No. 2:12-cv-00891 JAM-CKD |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT IN FAVOR OF O'REILLY** |
| v. | |
| O'REILLY AUTOMOTIVE, INC., and CSK AUTO, INC., | |
| Defendants. | |

This matter is before the Court on Defendants O'Reilly Automotive, Inc. ("O'Reilly"), and CSK Auto, Inc.'s ("CSK") (collectively "Defendants") Motion for Entry of Judgment in Favor of O'Reilly (Doc. #31). Plaintiff Mililani Group, Inc. ("Plaintiff") opposes the motion (Doc. ##32, 36) and Defendants replied (Doc. #34).[1] For the following reasons, Defendants' motion is GRANTED.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 5, 2013.

1

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendants moved to dismiss all claims against O'Reilly and the waste claim; that motion was granted with leave to amend (Doc. #16). After Plaintiff filed a Second Amended Complaint ("SAC") (Doc. #17), Defendants once more moved to dismiss all claims against O'Reilly and the waste claim. On April 3, 2013, the Court granted Defendants' second motion to dismiss with prejudice ("Order"). Order, Doc. #29, at 7.

On May 5, 2013, Defendants filed this present motion for entry of judgment in favor of O'Reilly (Doc. #31). Plaintiff opposed the motion (Doc. #32). The Court issued a minute order amending the Order as follows: "All claims against Defendant O'Reilly Automotive, Inc., (Defendant O'Reilly) are dismissed with prejudice." Minute Order and Order to Show Cause ("Minute Order"), Doc. #33. The Court further ordered Plaintiff to inform the Court in writing whether it still opposed the entry of judgment in favor of O'Reilly. Id. On May 29, 2013, Plaintiff responded to the Court's minute order, stating that it still opposes Defendants' motion for entry of judgment. Plaintiff's Response to the Court's Order to Show Cause ("Response"), Doc. #36, at 2.

## II. OPINION

A. Legal Standard

Federal Rule of Civil Procedure 54(b) allows a district court to direct entry of final judgment for the purpose of appeal as to one or more, but fewer than all, claims if the Court expressly determines that there is no just reason for delay. Fed. R. Civ.

2

P. 54(b). First, the Court must determine whether it is dealing with a final judgment. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Second, the Court must determine whether there is any just reason for delay, "tak[ing] into account judicial administrative interests as well as the equities involved." Id. at 8. To determine if there is any just reason for delay, "[a] district court may consider factors such as 'whether the claims under review were separable from the others remaining to be adjudicated' as well as 'whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" Randhawa v. Skylux, Inc., CIV. 2:09-02304 WBS, 2013 WL 1152063, at *2 (E.D. Cal. Mar. 19, 2013) (citing Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)).

    B.   Discussion

        1.   Final Judgment

Defendants argue that the case against O'Reilly has been fully and finally determined in favor of O'Reilly. Mot. at 5. Plaintiff argues that entry of judgment is not appropriate because no facts have been developed and because the Court may change its mind. Response at 2. However, Plaintiff failed twice to properly allege alter ego liability against O'Reilly and therefore the Court dismissed all claims against O'Reilly without leave to amend.

Order at 5. Moreover, the Court has now made clear that all claims against O'Reilly have been dismissed with prejudice. Minute Order, Doc. #33. Accordingly, the Court has ultimately disposed of all claims against O'Reilly as required for entry of judgment under Rule 54(d).

### 2. Just Reason for Delay

Defendants contend that entry of judgment in O'Reilly's favor would promote judicial efficiency because if Plaintiff prevails in appealing the entry of judgment in O'Reilly's favor, the case would then continue simultaneously against both O'Reilly and CSK. Reply at 2. Plaintiff disagrees, arguing that entry of judgment would start the time period for an appeal and force Plaintiff to appeal the judgment now instead of waiting to resolve all issues in a single appeal at the conclusion of the case. Response at 2. Because the alter ego claim against O'Reilly is separate from the breach of contract claim that remains against CSK, the appellate court will not have to decide the same issue more than once and therefore, one single appeal is unnecessary. See Randhawa, 2013 WL 1152063, at *2 (noting that the Court should consider whether the claims are separable and whether the appellate court would have to decide the same issue more than once). Accordingly, the Court finds that there is no just reason for delay.

### III. ORDER

For the reasons set forth above, Defendants' Motion for Entry of Judgment in Favor of O'Reilly is GRANTED.

IT IS SO ORDERED.

Dated: June 14, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE