UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILILANI GROUP, INC., | No.  2:12-cv-00891 JAM-CKD |
| Plaintiff, | |
| v. | **ORDER GRANTING O'REILLY'S MOTION FOR ATTORNEY'S FEES** |
| O'REILLY AUTOMOTIVE, INC., and CSK AUTO, INC. | |
| Defendants. | |

This matter is before the Court on O'Reilly Automotive, Inc.'s ("O'Reilly") Motion for Attorney's Fees (Doc. #39). Plaintiff Mililani Group, Inc. ("Plaintiff") opposes the motion (Doc. #43) and O'Reilly replied (Doc. #49).[1]  For the following reasons, O'Reilly's motion is GRANTED, however, the Court has reduced the total amount of the attorneys fees award.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 21, 2013.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action was originally filed on April 6, 2012, against O'Reilly and CSK Auto, Inc.'s ("CSK") (collectively "Defendants"), alleging two causes action, the first for breach of contract and the second for waste. Defendants moved to dismiss all claims against O'Reilly and the waste claim; the Court granted that motion with leave to amend (Doc. #16). After Plaintiff filed a Second Amended Complaint ("SAC") (Doc. #17), Defendants once more moved to dismiss all claims against O'Reilly and the waste claim. On April 3, 2013, the Court granted Defendants' motion to dismiss with prejudice (Doc. #29). On June 17, 2013, judgment was entered in favor of O'Reilly (Doc. ##37, 38).

O'Reilly now seeks attorney's fees pursuant to the prevailing party fee provision found in the written lease agreement ("Lease") that CSK entered into with Plaintiff for warehouse and office space in Dixon, California (Doc. #39). Specifically, O'Reilly seeks $57,600.50 in attorney's fees, which includes $44,282.50 incurred for 15 months of litigation, $8,413.00 incurred to bring its motion for attorney's fees, and $4,905.00 incurred to research and draft its reply to Plaintiff's opposition. Reply at 2 n.1.

II.   OPINION

A.   Legal Standard

Under the American rule, the prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the losing party. Travelers Casualty & Surety Co. of Am. v. Pacific

2

1  Gas & Electric Co., 549 U.S. 443, 448 (2007).  A statute or
2  enforceable contract allocating attorney's fees, however, can
3  overcome this rule.  Id.  State law governs the enforceability
4  of attorney's fees in contract provisions.  Security Mortgage
5  Co. v. Powers, 278 U.S. 149, 153 (1928).

6      California law specifically authorizes contractual
7  agreements for attorney fee awards.  Cal. Code Civ. Proc.
8  § 1021.1.  California Civil Code Section 1717 governs the
9  recovery of attorney's fees pursuant to an underlying contract.
10 The statute "authorizes reasonable attorney's fees '[i]n any
11 action on a contract, where the contract specifically provides
12 that attorney's fees and costs, which are incurred to enforce
13 the contract, shall be awarded either to one of the parties or
14 to the prevailing party.'"  Barrientos v. 1801-1825 Morton LLC,
15 583 F.3d 1197, 1216 (9th Cir. 2009) (quoting Cal. Civ. Code §
16 1717(a)).

17     B.   Discussion

18          1.   Prevailing Party Fee Provision

19     O'Reilly requests attorney's fees pursuant to California
20 Civil Code Section 1717 ("Section 1717") because the Lease under
21 which Plaintiff sued contains a prevailing party attorney's fee
22 provision.  The Lease provides as follows:

> If either party hereto be made or shall become a party to
> any litigation commenced by or against the other involving
> the enforcement of any of the rights or remedies of such
> party, or arising on account of the default of the other
> party in its performance of any of the other party's
> obligations hereunder, then the prevailing party in such
> litigation shall receive from the other party all costs
> incurred by such party in such litigation, plus reasonable
> attorney's fees to be fixed by the Court, and together with
> interest thereon at the rate of twelve percent (12%) per
> annum from the date of judgment until paid.

3

Lease, Ex. B to the Declaration of Janlynn R. Fleener ("Fleener Decl."), Doc. 39-1, at ¶ 23.

Plaintiff neither opposes that O'Reilly is entitled to fees pursuant to the Lease nor disputes that O'Reilly was the prevailing party on the alter ego claim. See Opp. at 3. Plaintiff argues that part of the fees claimed here must be disallowed because they were incurred defending CSK on the waste claim.

Allocation is generally required when the same lawyer represents one party who is entitled to recover fees and another party who is not; however, allocation among jointly represented parties "is not required when the liability of the parties is so factually interrelated that it would have been impossible to separate the activities . . . into compensable and noncompensable time units" Cruz v. Ayromloo, 155 Cal.App.4th 1270, 1277 (2007) (internal quotations and citations omitted).

Here, the same counsel represents CSK and O'Reilly, the waste claim was against both O'Reilly and CSK, and neither party distinguished between O'Reilly's and CSK's conduct. Defendants' counsel therefore had to do the same legal research and analysis for the waste claim for both O'Reilly and CSK in preparing their case. In addition, in both orders granting Defendants' motions to dismiss, the Court addressed whether Plaintiff adequately alleged the elements of the claim without distinguishing between O'Reilly and CSK because the liability of the parties was factually interrelated (Doc. ##16, 29). Accordingly, the Court finds that Defendants' counsel was not obligated to allocate attorney's fees between CSK and O'Reilly as to the waste claim.

2. <u>Waste Claim</u>

Plaintiff next argues that O'Reilly is not entitled to any fees related to the waste claim. O'Reilly contends that fees should be awarded because the waste claim is inextricably intertwined with the other claims, it arose out of the contract, and the attorney's fee provision is broad enough to encompass the fees.

Section 1717 covers only contract actions where the theory of the case is breach of contract and the contract sued upon provides for an award of attorney fees incurred to enforce that contract. <u>Xuereb v. Marcus & Millichap, Inc.</u>, 3 Cal.App.4th 1338, 1341 (1992). However, California Code of Civil Procedure Section 1021 also allows parties to agree that the prevailing party in litigation may recover attorney's fees, whether the litigation sounds in contract or in tort. <u>Miske v. Bisno</u>, 204 Cal.App.4th 1249, 1259 (2012) (citing <u>Xuereb</u>, 3 Cal.App.4th at 1341). Thus, in <u>Miske</u>, the Court held that "where the language of the agreement broadly applies to 'any dispute' under it, the attorney's fee clause encompasses any conflict concerning the effect of the agreement, including a tort claim." <u>Id.</u>; <u>see also</u> <u>Gil v. Mansano</u>, 121 Cal.App.4th 739, 744 (2004) ("Broad language in a contractual attorney fee provision may support a broader interpretation.")(summarizing cases).

"Waste" is considered a tort. 78 Am. Jur. 2d Waste § 1. Therefore, to recover fees related to the waste claim, the fee provision in this case must be broad enough to encompass litigation that sounds in tort. The provision here provides, in relevant part, that attorney's fees are recoverable when either

party becomes "a party to *any litigation* commenced by or against the other involving the enforcement of *any of the rights or remedies* of such party, or arising on account of the default of the other party . . . ." Lease at ¶ 23 (emphasis added). "Any litigation" and "any of the rights or remedies" is equivalent to the phrase "any dispute," which the court in Miske determined to be broad language. See Miske, 204 Cal.App.4th at 1259. Therefore, the language of the attorney's fee provision is broad enough to cover a tort claim.

Accordingly, the Court finds that the attorney's fee provision covers the waste claim. In addition, the Court need not address O'Reilly's arguments that the waste claim is intertwined with the contract claim and that waste claim arises out of the contract.

### 3. Reasonable Attorney's Fees

Plaintiff argues that O'Reilly's attorney's fees are unreasonable. Plaintiff concedes that O'Reilly's counsel's rates "may be within the ballpark for the Sacramento region." Opp. at 4. However, Plaintiff argues that the time expended on this matter was inflated by the use of multiple attorneys. O'Reilly argues that it neither overstaffed this case nor over-billed.

Plaintiff refers to two specific examples: First, the November 29, 2012, invoice, which "sets forth the fees for the initial motion to strike shows that between September 19, 2012 and September 25, 2012 three separate attorneys spent more than thirty-three [] billable hours preparing the initial motion to strike." Opp. at 5. A summer associate also provided

assistance. Second, the April 3, 2013, invoice, which has "identical charges by different attorneys for the same work." Id.

Having more than one attorney working on a task, on its own, does not show that the hours billed were excessive. Moralez v. Whole Foods Mkt., Inc., C 12-01072 CRB, 2013 WL 3967639, at *4 (N.D. Cal. July 31, 2013). "[C]ommon sense dictates that a single task can be broken down over several discrete time periods and that a number of people might contribute to one end product." Id. (citation omitted). Moreover, "the court may permissibly look to the hourly rates charged by comparable attorneys for similar work, but may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests." Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008). Nevertheless, where a lawyer does unnecessarily duplicative work, a court may legitimately cut the hours. Id. at 1113.

Here, Plaintiff refers to the number of attorneys assigned to a task. However, without more, the Court may not consider staffing decisions. In addition, O'Reilly's counsel has excluded work done by summer associates on research and analysis. See Fleener Dec. ¶ 12. Plaintiff also argues that the 33 hours billed for the motion to dismiss is an inordinate amount of time for the motion. The Court recognizes that O'Reilly's counsel has attempted to recover only reasonable attorney's fees by cutting fees before submitting their invoices to the Court. However, as mentioned above, the Court has an

obligation to exclude unnecessary hours.  Reviewing the November 29, 2012, invoice, the Court finds that the research and analysis in support of the motion to dismiss was unnecessarily duplicative (i.e. two associates conducting similar legal research).  Therefore, the Court deducts $2,583 from the total invoice.  Similarly, in the May 23, 2013, invoice, the Court finds that the research, revising, and editing of the reply brief by two relatively experienced attorneys included hours performing duplicative tasks that were not necessary to advance the litigation particularly because the reply brief was only five pages long and contained similar arguments as in the motion (Doc. #23).  As a result, the Court deducts $1,276 from the total invoice.

Accordingly, having considered the record as a whole and the relevant fee award factors, the Court finds that the reasonable fee award in this case is $52,741.50.

### 4.  O'Reilly's Fees

Plaintiff also argues that O'Reilly is not entitled to fees because CSK is paying for O'Reilly's fees.  However, as O'Reilly argues, Plaintiff has not provided any evidence in support of this claim or legal support for its conclusion.  Accordingly, the Court finds that a reduction on this ground is not appropriate.

### C.  Order to Show Cause

On August 12, 2013, the Court ordered Plaintiff's counsel to file a declaration explaining why Plaintiff's opposition was filed late and why sanctions should not be imposed.  Stipulation and Order, Doc. #5, at 2.  Plaintiff's counsel filed a response

on August 15, 2013. Response to the Order to Show Cause, Doc. #48. Good cause having been shown, the Court will not impose sanctions for filing a late opposition.

## III. ORDER

For the reasons set forth above, the Court GRANTS O'Reilly's Motion for Attorney's Fees. The Court awards O'Reilly $52,741.50.

IT IS SO ORDERED.

Dated: September 10, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE